**Henry JORDAN, Appellant,**

v.

**INTERSTATE AUTO SUPPLY COMPANY,
Inc., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 4, 1966.

Hatcher & Lewis, Elizabethtown, for appellant.

Faurest & Collier, Elizabethtown, for appellees.

WADDILL, Commissioner.

Workmen's compensation claimant, Henry Jordan, appeals from a judgment sustaining an award of 30% permanent disability. Jordan contends that under the evidence the Workmen's Compensation Board was required to find him permanently and totally disabled and to award him compensation benefits pursuant to KRS 342.095.

On June 7, 1964, while performing his duties as night watchman for appellee, Interstate Auto Supply Company, Jordan was attacked by trespassers and shot in the leg and chest. After a period of medical treatment he filed his claim seeking permanent total disability because of a crippled left leg resulting from this attack.

During the course of his convalescence Jordan was treated by three physicians. Dr. Rudy Ellis opined that, as of September 1965, Jordan would have been able to resume his duties with appellee if it were not for the fact that the condition of his leg prevented him from climbing stairs. This physician testified that appellant does have some permanent disability. However, his testimony indicates to us that he expected Jordan's leg condition to improve sufficiently for him to return to work.

Dr. C. B. Clegg testified that Jordan's condition disabled him from performing his duties with appellee. This conclusion was premised on a belief that, due to limitation of leg movement and shortness of breath, Jordan could not climb steps or walk as much as his job required.

Dr. B. M. Heine, a thoracic surgeon, had not seen Jordan since he was released from the hospital but he stated that Jordan would not have any disability from his chest injury. Hence Dr. Heine's testimony supports a determination that Jordan is not disabled from performing his employment duties for appellee on account of a chest condition due to the accident.

The difficult question is whether the board was obligated to find permanent total disability stemming from appellant's leg condition. We think not. Dr. Ellis testified Jordan was presently disabled but indicated his leg would probably improve so as to permit him to return to work. Dr. Clegg considered Jordan to be permanently and totally disabled but this was based on both a chest condition and the leg injury.

The quantum of evidence concerning the extent of Jordan's disability is not so clear-cut and convincing as to require a finding of permanent total disability as a matter of law. Akers v. United Carbon Gas Co., Ky., 386 S.W.2d 957. The evidence of Jordan's impairment to perform certain other income producing labor also failed to conclusively establish his permanent total disability.

The judgment is affirmed.